# THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
|     MICHAEL A. CURRY, & | ) | |
|     DEBRA S. CURRY | ) | NO. 17-10433 |
| | ) | |
| | ) | |
| | ) | |
| | ) | Chapter 13 |
|     Debtors | ) | |
| | ) | |
| | ) | |
| | ) | Honorable Judge A. Benjamin Goldgar |

## NOTICE OF MOTION

TO:   Glenn B. Stearns (via ECF)
Baxter Credit Union, 340 N. Milwaukee Ave., Vernon Hills, IL 60061
Patrick S. Layng, Office of the US Trustee Region 11, 219 S. Dearborn Street, Room 873, Chicago, IL 60604
Amanda J. Doyle, Heavner, Beyers, Mihlar, LLC., 111 E. Main Street, Decatur, IL 62525
Steven C. Lindberg, Anselmo, Lindberg, Oliver, LLC., 1771 W. Diehl Road, Suite 120, Naperville, IL 60563
Crystal V. Sava, Anselmo, Lindberg, Oliver, LLC., 1771 W. Diehl Road, Suite 120, Naperville, IL 60563

    PLEASE TAKE NOTICE that on September 29th, 2017 at 9:30 AM, the undersigned will appear before the Honorable Judge A. Benjamin Goldgar at North Branch Court, 1792 Nicole Lane, Round Lake Beach, IL 60073 and will then and there present **DEBTOR'S OBJECTION TO CLAIM 14-1** at which time you may appear, if you so choose.

## Certificate of Service

    I, James J. Haller, hereby certify that I caused a copy of this notice to be served, via U.S. Mail to All Parties Listed Above, and via ECF to Trustee Marilyn O Marshall on August 24th, 2017 before the hour of 5:00 p.m. from the office located at 2500 S. Highland Ave., Suite 200, Lombard, IL 60148

By: /S/ James J. Haller
Sulaiman Law Group
COUNSEL FOR DEBTOR(S)
2500 S. Highland Ave.
Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
Attorney No: 6226796

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | |
| ) | NO. 17-10433 |
| MICHAEL A. CURRY, ) | |
| DEBRA S. CURRY ) | |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | Honorable Judge A. Benjamin Goldgar |

**DEBTORS' OBJECTION TO CLAIM 14-1**

___

**NOW COMES**, MICHAEL AND DEBRA CURRY (Debtors), by and through their attorneys, the Sulaiman Law Group, LTD., and pursuant to Federal Bankruptcy Procedure Rule 3007, Objecting to Claim 14-1 filed by the Baxter Credit Union ("Baxter") and in support thereof, states as follows:

1. Prior to filing this bankruptcy, Debtors had a first and 2nd mortgage with Baxter on real estate located at 214 Chesapeake Bay, Winthrop Harbor, IL 60096 (hereinafter the "subject property").

2. On March 31, 2017, a bankruptcy case concerning the Debtors was filed under Chapter 13.

3. On July 27, 2017 Baxter filed an unsecured claim in the amount of $41,845.29. See Exhibit A, Claim 14-1, attached.

4. Attached to Claim 14-1 is a copy of the mortgage signed by Debtors giving Baxter a lien on the subject property (page 11 et seq).

5. Baxter has also acknowledged it has a lien for the second mortgage in its motion for relief from stay filed on June 14, 2017. A copy of this motion is attached as Exhibit B. Baxter acknowledges in allegation #10 that it has an additional lien on the subject property.

6. Based on a search of the online records for the Circuit Court of Lake County no foreclosure action has been filed with respect to the subject property.

7. As this claim is clearly a secured claim, and not unsecured claim, it should be disallowed.

8. Debtors counsel has requested clarification of the basis of Baxter's claim twice and to date has not received information to support Baxter's unsecured claim.

### STANDARD

9. "Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity." *In re Dugar,* 392 B.R. 745, 749 (Bankr.N.D.Ill 2008).

10. "Once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *In re Vanhook¸* 426 B.R. 296, 299 (Bank.N.D. Ill. 2010).

11. However, the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." *In re Watson,* 402 B.R. 294, 297 (Bankr.N.D.Ind. 2009).

### ARGUMENT

12. As Baxter's claim 14-1 and motion for relief indicates that it is a secured, not unsecured claim, and that no foreclosure sale has occurred, Baxter's unsecured claim should be disallowed.

**WHEREFORE**, the Debtor prays this Honorable Court enter an order that:

A. Debtors' Objection to Claim 14-1 is sustained;

B. Claim 14-1 is disallowed; and

C. For any and all other relief this Court deems fair and proper.

Dated: August 24, 2017                                Respectfully Submitted,

/s/ James J. Haller
James J. Haller # 6226796
Counsel for Debtors
Sulaiman Law Group, LTD
2500 S. Highland Avenue, Suite 200
Lombard, IL  60148
Phone (630)575-8181
Fax: (630)575-8188